# EXHIBIT C

Electronically Received 08/07/2023 02:44 PM

RASTEGAR LAW GROUP, APC

1
2
3
4
5
6
7
8

Farzad Rastegar (State Bar No. 155555)
farzad@rastegarlawgroup.com
Thomas S. Campbell (State Bar No. 199014)
tom@rastegarlawgroup.com
**RASTEGAR LAW GROUP, APC**
22760 Hawthorne Blvd., Suite 200
Torrance, California 90505
Telephone:    (310) 961-9600
Facsimile:    (310) 961-9094

Attorneys for PLAINTIFF Wilfred McCauley,
individually, and on behalf of all other
similarly situated and aggrieved current and
former employees of DEFENDANT

**FILED**
Superior Court of California
County of Los Angeles

08/07/2023

David W. Slayton, Executive Officer / Clerk of Court

By: _____ K. Martinez _____ Deputy

9

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10

**FOR THE COUNTY OF LOS ANGELES**

11
12
13

14

15
16

17
18

19

20
21
22
23
24
25
26
27
28

WILFRED MCCAULEY, individually, and on
behalf of all other similarly situated current and
former employees of DEFENDANT,

    PLAINTIFF,

    vs.

DELTA AIRLINES, INC. and DOES 1 through
50, inclusive,

    DEFENDANT.

**CASE NO.:  23STCV11527**

**FIRST AMENDED CLASS ACTION AND
REPRESENTATIVE COMPLAINT:**

1.  Failure to provide meal periods [Cal. Lab.
    Code §§ 226.7, 512];

2.  Failure to authorize and permit rest breaks
    [Cal. Lab. Code §§ 226.7];

3.  Failure to provide accurate itemized wage
    statements [Cal. Lab. Code § 226];

4.  Failure to timely pay final wages at
    termination [Cal. Lab. Code §§ 201-203];

5.  Unfair Business Practices [Cal. Bus. &
    Prof. Code §§ 17200, et seq.];

**REPRESENTATIVE ACTION FOR:**

6.  Civil penalties, PAGA [Cal. Lab. Code
    § 2699, et seq.]

**DEMAND FOR JURY TRIAL**

PLAINTIFF Wilfred McCauley ("PLAINTIFF"), on behalf of himself and all other similarly situated current and former employees of DELTA AIRLINS, INC. ("DEFENDANT") complains and alleges as follows:

## INTRODUCTION & GENERAL ALLEGATIONS

1.   PLAINTIFF bring this action against DELTA AIRLINES, INC. and DOES 1 through 50 (hereinafter also collectively referred to as "DEFENDANT") for California Labor Code violations stemming from DEFENDANT' failure to provide meal periods, failure to provide all net, 10-minute rest periods, failure to furnish accurate itemized wage statements and maintain required records, in accordance with California Labor Code §§ 201-204, 226, 226.7, 510, 512, 1174, 1174.5 and Industrial Welfare Commission ("IWC") Order No. 1-2001.

2.   PLAINTIFF brings the First through Fifth Causes of Action as a class action on behalf of himself and certain current and former employees of DEFENDANT (hereinafter collectively referred to as "PLAINTIFF" or "the Class," and defined more fully below).  PLAINTIFF brings his Sixth Cause of Action as a Representative Action pursuant to California Private Attorneys General Act of 2004, Cal. Lab. Code sections 2698 *et seq.* on behalf of himself and other current and former aggrieved employees of DEFENDANT.

3.   PLAINTIFF and the purported Class and members are current and former non-exempt employees of DEFENDANT that worked for DEFENDANT in the State of California, for a period of time within the four (4) years preceding the filing of this action and up to the date that court certifies the class.

4.   PLAINTIFF and the purported PAGA members are current and former non-exempt aggrieved employees of DEFENDANT that worked for DEFENDANT in the State of California, for a period of time within the one (1) year preceding the filing of this action and up to the date that court certifies the class.

5.   PLAINTIFF is a resident of California.  At all relevant times herein, PLAINTIFF was employed by DEFENDANT in the State of California, as a non-exempt, hourly employee.

6.   Throughout the time period involved in this case, DEFENDANT has wrongfully failed to provide PLAINTIFF and the Class members with timely, adequate, and duty-free meal

RASTEGAR LAW GROUP, APC

periods.  DEFENDANT regularly required PLAINTIFF and the Class to work in excess of five consecutive hours a day without providing a 30-minute, continuous and uninterrupted, meal period for every five hours of work, or without compensating PLAINTIFF and the Class for meal periods that were not provided by the end of the fifth hour of work or tenth hour of work. DEFENDANT failed to inform PLAINTIFF and the Class of their right to a premium pay. The Employee Handbook did not provide any descriptions with regards to the PLAINTIFF's right for a premium pay. DEFENDANT did not inform PLAINTIFF and the Class of their right, for shifts of more than 10 hours, to take a second meal break by the end of the 10th hour.  Moreover, DEFENDANT did not have legally compliant policies or practices providing adequate and duty-free meal periods for PLAINTIFF and the Class, nor did DEFENDANT have legally compliant policies or practices regarding the timing of meal periods.

7.   Throughout the time period involved in this case, DEFENDANT has wrongfully failed to authorize and permit PLAINTIFF and the Class to take timely and duty-free rest periods.  DEFENDANT regularly required PLAINTIFF and the Class to work in excess of four consecutive hours a day without DEFENDANT authorizing and permitting them to take a 10-minute, continuous and uninterrupted, rest period for every four hours of work (or major fraction of four hours), or without compensating PLAINTIFF and the Class for rest periods that were not authorized or permitted.  DEFENDANT did not properly inform PLAINTIFF and the Class of their right to take a rest period every four hour of work (or major fraction of four hours). Moreover, DEFENDANT did not have legally compliant policies or practices permitting or authorizing timely rest periods for PLAINTIFF and the Class.  DEFENDANT also did not have any policies or practices to verify whether PLAINTIFF and the Class were receiving their required rest periods.

8.   DEFENDANT willfully failed and refused to timely pay PLAINTIFF and the Class at the conclusion of their employment for the conduct mentioned above with respect to meal periods and rest periods.  As a result, DEFENDANT violated California Labor Code §§ 201-203.

9.   DEFENDANT, as a matter of practice and policy, did not furnish PLAINTIFF and the Class with accurate itemized wage statement that accurately show total hours worked by

RASTEGAR LAW GROUP, APC

PLAINTIFF and the Class, gross wages earned, net wages earned, and other information required by Labor Code § 226(a), as well as failing to record meal periods as required by IWC Wage Order No. 1-2001 (7). DEFENDANT knowingly and intentionally failed to do so because, among other things, the wages statements did not accurately state the total hours worked, the overtime rates, the gross wages earned, and the net wages earned. As a result of these violations of Section 226(a), the PLAINTIFF and the Class suffered injury because, among other things: (a) the violations led them to believe that they were not entitled to be paid daily minimum wages, overtime wages, meal period premium wages, and rest period premium wages, even though they were entitled; (b) the violations led them to believe that they had been paid the meal period premium, and rest period premium wages to which they were entitled, even though they had not been; (c) the violations led them to believe they were not entitled to be paid meal period premium, and rest period premium wages at the correct California rate even though they were; (d) the violations led them to believe they had been paid meal period premium, and rest period premium wages at the correct California rate even though they had not been; (e) the violations hindered them from determining the amounts of meal period premium, and rest period premium wages owed to them; (f) in connection with their employment before and during this action, and in connection with prosecuting this action, the violations caused them to have to perform mathematical computations to determine the amounts of wages owed to them, computations they would not have to make if the wage statements contained the required accurate information; (g) by understating the wages truly due them, the violations caused them to lose entitlement and/or accrual of the full amount of Social Security, disability, unemployment, and other governmental benefits; (h) the wage statements inaccurately understated the wages, hours, and wages rates to which PLAINTIFF and the Class were entitled, and PLAINTIFF and the Class were paid less than the wages and wage rates to which they were entitled. Thus, PLAINTIFF and the Class are owed the amounts provided for in Labor Code § 226(e).

10. Throughout the time period involved in this case, DEFENDANT wrongfully failed to provide PLAINTIFF with any documentation informing them of their right to premium pay for any missed meal break or any missed rest period of time.

RASTEGAR LAW GROUP, APC

## THE PARTIES TO EACH CAUSE OF ACTION

### A.    PLAINTIFF

11. PLAINTIFF resides in the State of California.  PLAINTIFF was employed by DEFENDANT as an hourly-paid, non-exempt employee in California from approximately June 19, 2017, to October 6, 2017.  PLAINTIFF resides in the State of California.

12.   PLAINTIFF reserve the right to seek leave to amend this complaint to add new PLAINTIFF, if necessary, in order to establish suitable representative(s) pursuant to *La Sala v. American Savings and Loan Association* (1971) 5 Cal.3d 864, 872, and other applicable law.

### B.    DEFENDANT

13. PLAINTIFF is informed and believe, and based upon that information and belief allege, that DEFENDANT is a corporation authorized to conduct business, and actually conducting business, in the State of California.  DEFENDANT was the employer of PLAINTIFF and the current and/or former employer of the Class, including both permanent and temporary employees.

14. PLAINTIFF does not know the true names or capacities of the persons or entities sued herein as DOES 1-50, inclusive, and therefore sues said DEFENDANT by such fictitious names. Each of the DOE DEFENDANT was in some manner legally responsible for the damages suffered by PLAINTIFF and the Class as alleged herein.  PLAINTIFF will amend this complaint to set forth the true names and capacities of these DEFENDANT when they have been ascertained, together with appropriate charging allegations, as may be necessary.

15. At all times mentioned herein, the DEFENDANT named as DOES 1-50, inclusive, and each of them, were residents of, doing business in, availed themselves of the jurisdiction of, and/or injured a significant number of the PLAINTIFF and Class in the State of California.

16. PLAINTIFF is informed and believe and thereon allege that at all relevant times each Defendant, directly or indirectly, or through agents or other persons, employed PLAINTIFF and the other employees described in the class definitions below, and exercised control over their wages, hours, and working conditions.  PLAINTIFF is informed and believes and thereon allege that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, officer,

5

director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other DEFENDANT, and was engaged with some or all of the other DEFENDANT in a joint enterprise for profit, and bore such other relationships to some or all of the other DEFENDANT so as to be liable for their conduct with respect to the matters alleged below.  PLAINTIFF is informed and believe and thereon allege that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other DEFENDANT.

17. DEFENDANT DELTA AIRLINES, INC. and DOES 1-50 are collectively referred to herein as "DEFENDANT."

## CLASS ACTION ALLEGATIONS

18. PLAINTIFF brings this action on behalf of each and all other persons similarly situated, and thus, seeks class certification under California Code of Civil Procedure § 382.

19. All claims alleged herein arise under California law for which PLAINTIFF seeks relief authorized by California law.

20. The proposed Class consists of and is defined as:

> All persons employed by DEFENDANT to work ramp, cargo, cabin, and other fleet service positions as an hourly paid employee in California at any time during the period beginning four years before the filing of the initial complaint in this action and ending when the court certifies the Class.  For purposes of this definition, "DEFENDANT" means DELTA AIRLINES, INC. and any of the fictitiously named DEFENDANT (Does 1 through 50), which may include subsidiaries, companies owned by, or temporary employment agencies affiliated with DELTA AIRLIENS, INC.

21. PLAINTIFF reserves the right to establish other sub-classes as appropriate.

22. At all material times, PLAINTIFF was a member of the Class and an aggrieved employee.

23. PLAINTIFF undertakes this action for the benefit of all Class members and aggrieved employees.

24. There is a well-defined community of interest in the litigation and the Class is readily ascertainable:

6

**FIRST AMENDED CLASS ACTION COMPLAINT**

RASTEGAR LAW GROUP, APC

(a) <u>Numerosity</u>:  The members of the Class (and each subclass, if any) are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire Class is unknown to PLAINTIFF at this time.  However, the Class is estimated to be greater than 200 individuals and the identity of such membership is readily ascertainable by inspection of DEFENDANT' records.

(b) <u>Typicality</u>:  PLAINTIFF is qualified to, and will, fairly and adequately protect the interests of each Class member with whom there is a shared, well-defined community of interest, and PLAINTIFF's claims (or defenses, if any) are typical of all Class members' claims as demonstrated herein.

(c) <u>Adequacy</u>:  PLAINTIFF is qualified to, and will, fairly and adequately protect the interests of each Class member with whom there is a shared, well-defined community of interest and typicality of claims, as demonstrated herein.  PLAINTIFF have no conflicts with or interests antagonistic to any Class member.  PLAINTIFF'S attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.  PLAINTIFF has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d) <u>Superiority</u>:  A Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1) The interests of the members of the Class in individually controlling the prosecution or defense of separate actions;

2) The extent and nature of any litigation concerning the controversy already commenced by or against members of the Class;

3) The desirability or undesirability of concentrating the litigation of

7

**FIRST AMENDED CLASS ACTION COMPLAINT**

RASTEGAR LAW GROUP, APC

the claims in the particular forum; and

4)      The difficulties likely to be encountered in the management of a class action.

(e)      <u>Public Policy Considerations</u>:  Employers in the State of California violate employment and labor laws every day.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means.  Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as their privacy is protected.

25. There are common questions of law and fact as to the Class (and each subclass, if any) that predominate over questions affecting only individual members, including without limitation, whether, as alleged herein, DEFENDANT have:

(a)      Failed to provide meal periods and pay meal period premium wages to Class members;

(b)      Failed to authorize and permit rest periods and pay rest period premium wages to Class members;

(c)      Failed to pay Class members for all hours worked, including minimum wages, straight time wages, and overtime wages;

(d)      Failed to promptly pay all wages due to Class members upon their discharge or resignation;

(e)      Failed to provide Class members with accurate wages statements;

26. This Court should permit this action to be maintained as a class action pursuant to California Code of Civil Procedure § 382 because:

(a)      The questions of law and fact common to the Class predominate over any question affecting only individual members;

8

**FIRST AMENDED CLASS ACTION COMPLAINT**

(b)    A class action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the Class;

(c)    The members of the Class are so numerous that it is impractical to bring all members of the class before the Court;

(d)    PLAINTIFF, and the other members of the Class, will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

(e)    There is a community of interest in obtaining appropriate legal and equitable relief for the statutory violations, and in obtaining adequate compensation for the damages and injuries for which DEFENDANT is responsible in an amount sufficient to adequately compensate the members of the Class for the injuries sustained;

(f)    Without class certification, the prosecution of separate actions by individual members of the class would create a risk of:

1)    Inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for DEFENDANT; and/or

2)    Adjudications with respect to the individual members which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests, including but not limited to the potential for exhausting the funds available from those parties who are, or may be, responsible DEFENDANT; and,

(g)    DEFENDANT has acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief appropriate with respect to the class as a whole.

27. PLAINTIFF contemplates the eventual issuance of notice to the proposed members of the Class that would set forth the subject and nature of the instant action.  DEFENDANT'S own

RASTEGAR LAW GROUP, APC

business records may be utilized for assistance in the preparation and issuance of the

contemplated notices.  To the extent that any further notices may be required, PLAINTIFF would

contemplate the use of additional techniques and forms commonly used in class actions, such as

published notice, e-mail notice, website notice, first-class mail, or combinations thereof, or by

other methods suitable to the Class and deemed necessary and/or appropriate by the Court.

## FIRST CAUSE OF ACTION

### (Against DEFENDANTS for Failure to Provide Meal Periods)

### [Cal. Lab. Code §§ 226.7, 512 and IWC Wage Order No. 1-2001]

28. PLAINTIFF incorporates by reference and re-alleges herein the material allegations

set out in this Complaint.

29. Under California law, DEFENDANT has an affirmative obligation to relieve the

PLAINTIFF and the Class of all duty in order to take their first daily meal periods no later than

the fifth hour of work in a workday, and to take their second meal periods no later than the tenth

hour of work in the workday.

30. Despite these legal requirements, DEFENDANT regularly failed to provide

PLAINTIFF and the Class with both meal periods as required by California law.

31. Under California law, PLAINTIFF and the Class are entitled to be paid one hour of

additional wages for each instance he or she was not provided with all required meal period(s).

32. DEFENDANT regularly failed to pay PLAINTIFF and the Class the additional wages

to which they were entitled for meal periods and that were not provided.

33. As a result, DEFENDANT is liable to PLAINTIFF and the Class for one hour of

additional wages for each workday for a meal period that was not provided.

34. By failing to keep adequate time records required by Labor Code § 1174(d),

DEFENDANT made it difficult to calculate the full extent of meal period premium wage

compensation due to PLAINTIFF and the Class Members.

35. California Labor Code section 204 requires employers to provide employees with all

wages due and payable twice a month.  Throughout the statute of limitations period applicable to

///

RASTEGAR LAW GROUP, APC

this cause of action, PLAINTIFF and the Class were entitled to be paid twice a month at rates required by law, including meal period premium wages for each meal period that was not provided.  However, during all such times, DEFENDANT systematically failed and refused to pay PLAINTIFF and the Class all such wages due, and failed to pay those wages twice a month.

36. DEFENDANT is also liable to PLAINTIFF and the Class for the civil penalties provided for in Labor Code § 558 because of the violations alleged in this cause of action.

### SECOND CAUSE OF ACTION

**(Against All DEFENDANTS for Failure to Provide Rest Periods)**

**[Cal. Lab. Code §§ 226.7 and IWC Wage Order No. 1-2001]**

37. PLAINTIFF incorporate by reference and re-alleges as if fully stated herein the material allegations set out in this Complaint.

38. DEFENDANT is required by California law to authorize and permit breaks of an uninterrupted, net 10-minutes for every four hours of work or major fraction of four hours (i.e. more than two hours).  That is, the required number of rest breaks is equal to the number of work hours divided by four, and if the work time is not evenly divided by four, if the remaining fractional part is two hours or less it is rounded down, and if it is more than two hours, it is rounded up.  Thus, for example, if an employee's work time is 6 hours and ten minutes, the employee is entitled to two rest breaks.  If the work time is nine hours, the employee is still entitled to only two rest breaks.  Each failure to authorize rest breaks as so required is itself a violation of California's rest break laws.

39. Despite these legal requirements, DEFENDANT failed to authorize PLAINTIFF and the Class to take all timely, net, 10-minute rest breaks owed to them, regardless of whether employees worked more than 4 hours in a workday.

40. Under California law, PLAINTIFF and the Class are entitled to be paid one hour of premium wages rate for each instance he or she was not provided with all required rest break(s).

41. DEFENDANT regularly failed to pay PLAINTIFF and the Class the additional wages to which they were entitled to rest breaks.  As a result, DEFENDANT is liable to PLAINTIFF

RASTEGAR LAW GROUP, APC

**FIRST AMENDED CLASS ACTION COMPLAINT**

and the Class for one hour of additional wages for each workday when they did not receive a rest break.

42. California Labor Code section 204 requires employers to provide employees with all wages due and payable twice a month.  Throughout the statute of limitations period applicable to this cause of action, PLAINTIFF and the Class were entitled to be paid twice a month at rates required by law, including rest break premium wages for each rest break that was not authorized and permitted.  However, during all such times, DEFENDANT systematically failed and refused to pay PLAINTIFF and the Class all such wages due, and failed to pay those wages twice a month.

<u>**THIRD CAUSE OF ACTION**</u>

**(Against all DEFENDANTS for Failure to Provide Accurate**

**Statements and Maintain Required Records)**

**[Cal. Lab. Code § 226, and IWC Wage Order No. 1-2001]**

43. PLAINTIFF incorporates by reference and re-alleges as if fully stated herein the material allegations set out in this Complaint.

44. At all material times set forth herein, California Labor Code § 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

45. DEFENDANT intentionally and willfully failed to provide employees with complete and accurate wage statements.  The deficiencies include, among other things, the failure to

RASTEGAR LAW GROUP, APC

correctly identify the gross wages earned by PLAINTIFF and the members of the Class, the failure to list the true "total hours worked by the employee," and the failure to list the true net wages earned.

46. As a result of DEFENDANT' violation of California Labor Code § 226(a), PLAINTIFF and the members of the Class have suffered injury and damage to their statutorily-protected rights.

47. Specifically, PLAINTIFF and the members of the Class have been injured by DEFENDANT' intentional violation of California Labor Code § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements under California Labor Code § 226(a).

48. Calculation of the true wage entitlement for PLAINTIFF and the Class is difficult and time consuming. As a result of this unlawful burden, PLAINTIFF was also injured as a result of having to bring this action to attempt to obtain correct wage information following DEFENDANT'S refusal to comply with many of the mandates of California's Labor Code and related laws and regulations.

49. PLAINTIFF and Class members are entitled to recover from DEFENDANT the greater of their actual damages caused by DEFENDANT' failure to comply with California Labor Code § 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

50. PLAINTIFF and the members of the Class are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code § 226(g).

## FOURTH CAUSE OF ACTION

**Failure to Pay All Wages Due to Discharged or Quitting Employees**

**[California Labor Code §§ 201, 202, 203, 227.3]**

**(Against All DEFENDANT)**

51. PLAINTIFF incorporates by reference and re-alleges as if fully stated herein the material allegations set out in this Complaint.

52. At all times herein set forth, California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due

**FIRST AMENDED CLASS ACTION COMPLAINT**

and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

53. Within the applicable statute of limitations, the employment of Named PLAINTIFF and many other members of the Class ended, was terminated by quitting or discharge, and the employment of others will be.  However, during the relevant time period, DEFENDANT failed, and continue to fail to pay Named PLAINTIFF and terminated Class members, without abatement, all wages required to be paid by California Labor Code sections 201 and 202 either at the time of discharge, or within seventy-two (72) hours of their leaving DEFENDANT'S employ.

54. DEFENDANT'S failure to pay Named PLAINTIFF and those Class members who are no longer employed by DEFENDANT their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving DEFENDANT' employment, is in violation of California Labor Code §§ 201 and 202.

55. California Labor Code § 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty wage from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

56. PLAINTIFF and Class members are entitled to recover from DEFENDANT their additionally accruing wages for each day they were not paid, at their regular hourly rate of pay, up to 30 days maximum pursuant to California Labor Code § 203.

## FIFTH CAUSE OF ACTION

### Violation of California Business & Professions Code §§ 17200 *et seq.*

### (Against all DEFENDANTS)

57. PLAINTIFF incorporates by reference and re-alleges as if fully stated herein the material allegations and Causes of Action set out in this Complaint.

58. DEFENDANT, and each of them, are "persons" as defined under Business & Professions Code § 17201.

RASTEGAR LAW GROUP, APC

RASTEGAR LAW GROUP, APC

59. DEFENDANT'S conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to PLAINTIFF, other Class members, and to the general public. PLAINTIFF seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

60. DEFENDANT'S activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code § 17200, et seq.

61. A violation of California Business & Professions Code §§ 17200, et seq. may be predicated on the violation of any state or federal law.  All of the acts described herein as violations of, among other things, the California Labor Code, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of California Business and Professions Code §§ 17200, et seq.

### Failing to Provide Meal Periods

62. DEFENDANT'S failure to provide meal periods in accordance with Labor Code §§ 226.7 and 512, and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code §§ 17200, et seq.

### Failing to Authorize and Permit Rest Periods

63. DEFENDANT'S failure to authorize and permit rest periods in accordance with Labor Code § 226.7 and the IWC Wage Orders, as alleged above, constitutes

64.  unlawful and/or unfair activity prohibited by Business and Professions Code §§ 17200, et seq.

### Failing to Provide Accurate Statements and Maintain Required Records

65. DEFENDANT'S failure to provide accurate itemized wage statements in accordance with Labor Code § 226, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code §§ 17200, et seq.

66. By and through their unfair, unlawful and/or fraudulent business practices described herein, the DEFENDANT, have obtained valuable property, money and services from

15

**FIRST AMENDED CLASS ACTION COMPLAINT**

PLAINTIFF, and all persons similarly situated, and have deprived PLAINTIFF, and all persons similarly situated, of valuable rights and benefits guaranteed by law, all to their detriment.

67. PLAINTIFF and the other Class members suffered monetary injury as a direct result of DEFENDANT' wrongful conduct.

68. The PLAINTIFF, individually, and on behalf of members of the putative Class, are entitled to, and does, seek such relief as may be necessary to disgorge money and/or property which the DEFENDANT have wrongfully acquired, or of which PLAINTIFF have been deprived, by means of the above-described unfair, unlawful and/or fraudulent business practices. PLAINTIFF and the members of the putative Class are not obligated to establish individual knowledge of the wrongful practices of DEFENDANT in order to recover restitution.

69. The PLAINTIFF, individually, and on behalf of members of the putative class, is further entitled to and does seek a declaration that the above-described business practices are unfair, unlawful and/or fraudulent, and injunctive relief restraining the DEFENDANT, and each of them, from engaging in any of the above-described unfair, unlawful and/or fraudulent business practices in the future.

70. The PLAINTIFF, individually, and on behalf of members of the putative class, has no plain, speedy, and/or adequate remedy at law to redress the injuries which the Class members suffered as a consequence of the DEFENDANT' unfair, unlawful and/or fraudulent business practices.  As a result of the unfair, unlawful and/or fraudulent business practices described above, the PLAINTIFF, individually, and on behalf of members of the putative Class, has suffered and will continue to suffer irreparable harm unless the DEFENDANT, and each of them, are restrained from continuing to engage in said unfair, unlawful and/or fraudulent business practices.

71. The PLAINTIFF also alleges that if DEFENDANT is not enjoined from the conduct set forth herein above, they will continue to avoid paying the appropriate taxes, insurance, and other withholdings.

72. Pursuant to California Business & Professions Code §§ 17200, et seq., PLAINTIFF and putative Class members are entitled to restitution of the wages withheld and retained by

1 │ DEFENDANT during a period that commences four years prior to the filing of this complaint; a
2 │ permanent injunction requiring DEFENDANT to pay all outstanding wages due to PLAINTIFF
3 │ and Class members; an award of attorneys' fees pursuant to California Code of Civil Procedure §
4 │ 1021.5 and other applicable laws; and an award of costs.

### SIXTH CAUSE OF ACTION

**Representative Action Pursuant to the Private Attorneys**

**General Act of 2004, Cal. Lab. Code §§ 2698 *et seq*.**

**(Against all DEFENDANT)**

72. PLAINTIFF incorporates by reference and re-alleges as if fully stated herein the material allegations and Causes of Action set out in this Complaint.

73. California Labor Code section 2699, subdivision (a), provides for a private right of action to recover penalties for an employer's violations of the Labor Code:

> Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3.

74. On June 2, 2023, Plaintiff delivered electronic written notice to the LWDA, and by certified mail to Defendants, of the specific provisions of the Labor Code alleged to have been violated by DEFENDANTS, including the facts and theories to support the violations.  As of the date of this Complaint, more than sixty-five (65) days have elapsed since June 2, 2023 and no notice from the LWDA has been received by Plaintiff regarding the LWDA's intent to investigate the alleged violations.  Accordingly, Plaintiff has exhausted her administrative remedies in compliance with Labor Code section 2699.3, subdivision (a), and may commence a civil action to recover penalties for DEFENDANTS' violations of the Labor Code on behalf of the state and the CLASS pursuant to section 2699, subdivision (a).

RASTEGAR LAW GROUP, APC

///

75. As a result of DEFENDANTS' violations of the California Labor Code as alleged above, PLAINTIFFS are entitled to collect civil penalties pursuant to the PAGA including, without limitation, the following:

(a)     Pursuant to California Labor Code section 558, subdivision (a), PLAINTIFFS, and each of them, seek a penalty of fifty dollars ($50) for DEFENDANTS' initial failure to provide a legally-compliant meal period, and a subsequent penalty of one hundred dollars ($100) for every subsequent failure thereafter;

(b)     Pursuant to California Labor Code section 2699, subdivision (f)(2), PLAINTIFFS, and each of them, seek a penalty of one hundred dollars ($100) for DEFENDANTS' initial failure to provide a meal period premium payment and a subsequent penalty of two hundred dollars ($200) for every subsequent failure thereafter;

(c)     Pursuant to California Labor Code section 558, subdivision (a), PLAINTIFFS, and each of them, seek a penalty of fifty dollars ($50) for DEFENDANTS' initial failure to provide a legally-compliant rest period, and a subsequent penalty of one hundred dollars ($100) for every subsequent failure thereafter;

(d)     Pursuant to California Labor Code section 2699, subdivision (f)(2), PLAINTIFFS, and each of them, seek a penalty of one hundred dollars ($100) for DEFENDANTS' initial failure to provide a rest break premium payment and a subsequent penalty of two hundred dollars ($200) for every subsequent failure thereafter;

(e)     Pursuant to California Labor Code section 1197.1, subdivision (a), PLAINTIFFS, and each of them, seek a penalty of one hundred dollars for DEFENDANTS' initial failure to pay the minimum wage and a subsequent penalty of two hundred fifty ($250) for every subsequent violation thereafter;

(f)     Pursuant to California Labor Code section 558, subdivision (a), PLAINTIFFS, and each of them, seek a penalty of fifty dollars ($50) for DEFENDANTS' initial failure to pay overtime, and a subsequent penalty of one hundred dollars ($100) for every subsequent failure thereafter; and

**FIRST AMENDED CLASS ACTION COMPLAINT**

RASTEGAR LAW GROUP, APC

(g)      Pursuant to California Labor Code section 226.3, PLAINTIFFS, and each of them, seek a penalty of two hundred fifty dollars ($250) for the initial failure to provide an accurate wage statement and a subsequent penalty of one thousand dollars ($1,000) for every subsequent failure thereafter.  (Cal. Labor Code, § 226.3.)

## PRAYER FOR RELIEF

PLAINTIFF, individually, and on behalf of all others similarly situated and aggrieved employees, prays for relief and judgment against DEFENDANT, jointly and severally, as follows:

### Class Certification

1.      That this action be certified as a class action with respect to the First, Second, Third, Fourth, Fifth, Sixth, and Seventh Causes of Action;

2.   That PLAINTIFF be appointed as the representative of the Class and subclass; and

3.   That counsel for PLAINTIFF be appointed as Class Counsel.

### As to the First Cause of Action

4.   That the Court declare, adjudge and decree that DEFENDANT violated Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

5.   For general unpaid wages and such general and special damages as may be appropriate;

6.   For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

7.   For reasonable attorneys' fees and for costs of suit incurred herein; and

8.   For such other and further relief as the Court may deem equitable and appropriate.

### As to the Second Cause of Action

9.   That the Court declare, adjudge and decree that DEFENDANT violated Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

10. For general unpaid wages and such general and special damages as may be appropriate;

19

**FIRST AMENDED CLASS ACTION COMPLAINT**

RASTEGAR LAW GROUP, APC

11. For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

12. For reasonable attorneys' fees and for costs of suit incurred herein; and

13. For such other and further relief as the Court may deem equitable and appropriate.

**As to the Third Cause of Action**

14. That the Court declare, adjudge and decree that DEFENDANT violated the record keeping provisions of California Labor Code § 226(a) and applicable IWC Wage Orders as to PLAINTIFF and class members, and willfully failed to provide accurate itemized wage statements thereto;

15. For all actual, consequential and incidental losses and damages, according to proof;

16. For statutory penalties pursuant to California Labor Code § 226(e);

17. For injunctive relief to ensure compliance with this section, pursuant to California Labor Code § 226(g);

18. For reasonable attorneys' fees and for costs of suit incurred herein; and

19. For such other and further relief as the Court may deem equitable and appropriate.

20. That the Court declare, adjudge and decree that DEFENDANT violated California Labor Code §§ 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of PLAINTIFF and other terminated class members;

21. For all actual, consequential and incidental losses and damages, according to proof;

22. For statutory wage penalties pursuant to California Labor Code § 203 for PLAINTIFF and all other class members who have left DEFENDANT' employ;

23. For pre-judgment interest on any unpaid wages from the date such amounts were due;

24. For reasonable attorneys' fees and for costs of suit incurred herein; and

For such other and further relief as the Court may deem equitable and appropriate

**As to the Fourth Cause of Action**

25. That the Court declare, adjudge and decree that DEFENDANT violated California Labor Code §§ 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of PLAINTIFF and other terminated class members;

**FIRST AMENDED CLASS ACTION COMPLAINT**

1      26. For all actual, consequential and incidental losses and damages, according to proof;

2      27. For statutory wage penalties pursuant to California Labor Code § 203 for PLAINTIFF

3    and all other class members who have left DEFENDANT' employ;

4      28. For pre-judgment interest on any unpaid wages from the date such amounts were due;

5      29. For reasonable attorneys' fees and for costs of suit incurred herein; and

6       For such other and further relief as the Court may deem equitable and appropriate

7                                **As to the Fifth Cause of Action**

8      30. That the Court declare, adjudge and decree that DEFENDANT violated California

9    Business and Professions Code §§ 17200, et seq. by failing to provide meal periods, failing to

10   authorize and permit rest periods, failing to pay wages for all hours worked, failing to pay all

11   wages due at termination of employment and failing to furnish accurate wage statements;

12     31. For restitution of unpaid wages to PLAINTIFF and all class members and

13   prejudgment interest from the day such amounts were due and payable;

14     32. For the appointment of a receiver to receive, manage and distribute any and all funds

15   disgorged from DEFENDANT and determined to have been wrongfully acquired by

16   DEFENDANT as a result of violations of California Business & Professions Code §§ 17200 et

17   seq.;

18     33. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California

19   Code of Civil Procedure § 1021.5;

20     34. For injunctive relief to ensure compliance with this section, pursuant to California

21   Business & Professions Code § 17200, et seq.; and,

22     35. For such other and further relief as the Court may deem equitable and appropriate.

23     36. For all actual, consequential and incidental losses and damages, according to proof;

24     37. For all civil penalties pursuant to California Labor Code §§ 2699, et seq., and all other

25   applicable Labor Code provisions;

26     38. For reasonable attorneys' fees and costs of suit incurred herein;

27     39. For such other and further relief as the Court may deem equitable and appropriate.

28   ///

*RASTEGAR LAW GROUP, APC*

**As to the Sixth Cause of Action**

40. That the Court declare, adjudge and decree that Plaintiff is entitled to recover civil penalties under California Labor Code §§ 2698 *et seq.* for the State of California, Plaintiff and similarly aggrieved employees because of Defendant's failure to provide meal periods, failing to authorize and permit rest periods, failing to pay all wages at termination, and failing to furnish accurate wage statements and other alleged Labor Code violations applicable under California Labor Code §§ 2698 *et seq.*;

41. For all actual, consequential and incidental losses and damages, according to proof;

42. For all civil penalties allowed pursuant to California Labor Code §§ 2698 *et seq.*, and all other applicable Labor Code provisions;

43. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code § 2698 et seq.;

44. For such other and further relief as the Court may deem equitable and appropriate.

**As to all Causes of Action**

45. For any additional relief that the Court deems just and proper.

Dated:  August 7, 2023                    Respectfully submitted,

                                          **RASTEGAR LAW GROUP, APC**

                                   By: _____
                                          Farzad Rastegar
                                          Thomas S. Campbell
                                          Attorneys for PLAINTIFF Wilfred McCauley
                                          individually, and all other similarly situated and
                                          aggrieved employees of DEFENDANT

RASTEGAR LAW GROUP, APC

**FIRST AMENDED CLASS ACTION COMPLAINT**

1

**DEMAND FOR JURY TRIAL**

PLAINTIFF demand a trial by jury for all causes of action the law allows for a trial by

jury.

Dated:  August 7, 2023                              **RASTEGAR LAW GROUP, APC**

By: _____
    Farzad Rastegar
    Thomas S. Campbell
    Attorneys for PLAINTIFF Wilfred McCauley
    individually, and all other similarly situated and
    aggrieved employees of DEFENDANT

**FIRST AMENDED CLASS ACTION COMPLAINT**